# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURICA HAYNES, | ) |
| Plaintiff, | ) CIVIL ACTION NO.: |
| v. | ) JURY TRIAL DEMANDED |
| STARBUCKS CORP., d/b/a STARBUCKS COFFEE COMPANY, & MANPOWER US, INC., | ) *Electronically Filed* |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Laurica Haynes, a resident of Dauphin County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above-named Defendants, Starbucks Corp., d/b/a Starbucks Coffee Company, and Manpower US, Inc., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), 1367, and 42 U.S.C. § 2000e-5(f).

2. This Complaint alleges illegal harassment and discrimination on the basis of Plaintiff's race, as well as retaliation, all in violation of the laws and statutes of the United States of America, specifically, Section 1981 of the Civil Rights Act

of 1866, as amended, 42 U.S.C. § 1981 (hereinafter referred to as "Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d *et seq.* (hereinafter referred to as "Title VII").

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff, Laurica Haynes ("Ms. Haynes"), is an African-American adult individual residing in Dauphin County, Pennsylvania.

5. Defendant, Starbucks Corp., d/b/a Starbucks Coffee Company ("Starbucks"), is a Washington business corporation headquartered in Seattle, Washington.

6. Defendant, Manpower US, Inc. ("Manpower"), is a Delaware business corporation headquartered in Milwaukee, Wisconsin.

7. At all times material hereto, Defendant Starbucks owned and operated a national chain of coffee shops, including a roasting plant at 3000 Espresso Way, York, York County, Pennsylvania.

8. At all times material hereto, Defendant Manpower is and was a temp, staffing, and/or employment agency that would place staff for employment at Defendant Starbucks' York roasting plant.

## **ADMINISTRATIVE PROCEEDINGS**

9. On or about December 16, 2019, Ms. Haynes filed a Charge of Discrimination against Defendant Starbucks with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge 530-2020-01669, alleging race discrimination and retaliation, with instructions to be dual-filed with the Pennsylvania Human Relations Commission ("PHRC").

10. On or about February 21, 2020, Ms. Haynes filed a Charge of Discrimination against Defendant Manpower with the EEOC, which was docketed as Charge 530-2020-03676, alleging race discrimination and retaliation, with instructions to be dual-filed with the PHRC.

11. Ms. Haynes has been advised of her individual rights to bring civil actions in the aforementioned charges by receiving Dismissal and Notice of Rights letters from the EEOC, which notices were received on or about August 3, 2020 (530-2020-3676), and August 26, 2020 (530-2020-1669).[1]

12. All necessary and appropriate administrative prerequisites to the filing of this action have occurred and been satisfied.

---

[1] Plaintiff's claims for race discrimination, were "dual-filed" with the PHRC on or about December 16, 2019, and February 21, 2020, respectfully. As such, Plaintiff intends to amend her Complaint to include these state claims once they become ripe one year from their PHRC filing date.

## **STATEMENT OF FACTS**

13. On or about October 17, 2019, Ms. Haynes was placed by Defendant Manpower as a Picker at Defendant Starbucks' roasting plant in York, Pennsylvania.

14. In or about mid-November of 2019, Ms. Haynes began experiencing problems with another Picker, Russell (last name unknown) (Caucasian), who was also a recent hire; among other things, Russell would be very disrespectful to Ms. Haynes and would regularly order her about as though he were her supervisor.

15. Russell would only treat Ms. Haynes in this manner, and would not similarly treat other Caucasian Pickers.

16. In or around the week of November 18, 2019, Ms. Haynes complained to their supervisor, Chris Rupus (spelling approximated), of Russell's behavior; Mr. Rupus advised Ms. Haynes to avoid Russell, which she thereafter attempted to do.

17. On or about November 23, 2019, Russell again targeted Ms. Haynes and began giving her a hard time, though she tried to ignore him.

18. Russell's behavior culminated with him brushing roughly past Ms. Haynes and whispering, "Fucking nigger," in her ear.

19. Ms. Haynes proceeded to confront Russell about the racial slur and his discriminatory treatment and the two of them complained to Mr. Rupus; Ms. Haynes about the ongoing racial discrimination and Russell about Ms. Hayne's reaction to his racial slur.

20. During this report, Ms. Haynes informed Mr. Rupus of the racial slur, which clearly indicated that Russell's continuous targeted harassment of her had been based solely on her race.

21. Mr. Rupus disregarded Ms. Haynes' complaint and instructed her to leave work for the day.

22. On or about November 25, 2019, Ms. Haynes received a text from a representative of Manpower, who informed her that she had been terminated from her placement with Starbucks.

23. Thereafter, Ms. Haynes contacted Manpower and informed it of the racial discrimination and that her coworker, Russell, calling her a "Fucking nigger."

24. Defendant Manpower responded by affirming Defendant Starbuck's discriminatory and retaliatory termination of Ms. Haynes.

25. Defendants' true reason for terminating Ms. Haynes was to retaliate against her repeated reports of racial discrimination.

26. Defendants discriminated and retaliated against Ms. Haynes by denying her the same enjoyment of all benefits, privileges, terms, and conditions of the employment relationship, in violation Section 1981, which prohibits discrimination and/or retaliation in contracting on the basis of race, and by discriminating against her on the basis of her race, in violation of Title VII.

27. Defendants created, permitted, tolerated, encouraged, and fostered a racially discriminating, demeaning, degrading, and demoralizing environment, which hostile environment was ongoing and pervasive throughout Ms. Haynes' employment with Defendants.

28. As a consequence of the racially hostile environment supported and encouraged by Defendants' actions and omissions, Ms. Haynes was subjected to emotional distress, humiliation, ridicule, and a denial of all benefits, privileges, terms, and conditions of the contractual relationship between employer and employee, all of which manifested itself in mental and physical distress, injury, and damage.

29. As a result of the racially hostile environment and retaliation, Ms. Haynes has suffered emotional distress and a loss of self-respect and confidence, and her standing in the community has been damaged.

## COUNT I

**42 U.S.C. §1981 Violations**
**Race Discrimination**
*(Plaintiff v. Starbucks and Manpower)*

30. All prior paragraphs are incorporated herein as if set forth fully below.

31. At all times relevant herein, Ms. Haynes maintained or sought to maintain a contractual relationship with Defendants (i.e., an employment relationship).

32. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, to intentionally discriminate against Ms. Haynes on the basis of her African-American race and thereby deny her the benefits of the contractual relationship she had entered into with Defendants.

33. Additionally, Defendants acted by and through their agents, servants, and employees, to intentionally retaliate against Ms. Haynes by terminating her for her complaints of racial discrimination and thereby deny her the benefits of the contractual relationship she had entered into with Defendants.

34. As a consequence of Defendants' discriminatory actions and failures to act, Ms. Haynes was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

35. As a result of Defendant's discriminatory actions, Ms. Haynes has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and she has been subjected to great damage to her career and professional standing.

**WHEREFORE**, Plaintiff, Laurica Haynes, seeks damages against Defendants, Starbucks Corp., d/b/a Starbucks Coffee Company, and Manpower US, Inc., jointly and severally, as set forth in the *Ad Damnum* clause of the instant

Complaint, *infra.*, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II

### 42 U.S.C. §1981 Violations
### Retaliation
### *(Plaintiff v. Starbucks and Manpower)*

36. All prior paragraphs are incorporated herein as if set forth fully below.

37. At all times relevant herein, Ms. Haynes sought to engage in a contractual relationship with Defendants.

38. At all times relevant herein, Defendants acted by and through its agents, servants, and employees, to retaliate against Ms. Haynes by terminating her as a result of reporting discrimination based upon her African-American race, thereby denying Ms. Haynes the benefits of the contractual relationship she had entered into with Defendants.

39. The actions of Defendants set forth above constitute violations of Plaintiff's federal civil rights under Section 1981.

40. As a result of this retaliation, Plaintiff has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and her standing in the community has been damaged.

WHEREFORE, Plaintiff, Laurica Haynes, seeks damages against Defendants, Starbucks Corp., d/b/a Starbucks Coffee Company, and Manpower US, Inc., jointly and severally, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III

**Title VII Violations**
**Race Discrimination**
*(Plaintiff v. Starbucks and Manpower)*

41. All prior paragraphs are incorporated herein as if set forth fully below.

42. Defendants created, permitted, tolerated, encouraged, and fostered a hostile, intimidating, demeaning, degrading, and demoralizing environment at the plant where Plaintiff worked, all of which was based upon her African-American race, which hostile environment was ongoing and pervasive throughout Plaintiff's employment.

41. As a consequence of the hostile environment supported and encouraged by Defendants' actions and failures to act, Plaintiff was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental distress, injury, and damage.

42. As a result of the hostile environment, Plaintiff has suffered, and continues to suffer, emotional distress, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

43. The actions of Defendants set forth above constitute violations of Title VII.

**WHEREFORE**, Plaintiff, Laurica Haynes, seeks damages against Defendants, Starbucks Corp., d/b/a Starbucks Coffee Company, and Manpower US, Inc., jointly and severally, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

### COUNT IV

**Title VII Violations**
**Retaliation**
*(Plaintiff v. Starbucks and Manpower)*

43. All prior paragraphs are incorporated herein as if set forth fully below.

44. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, to retaliate against Ms. Haynes by terminating her as a result of reporting discrimination based upon her African-American race.

45. The actions of Defendants set forth above constitute violations of Title VII.

46. As a result of this retaliation, Ms. Haynes has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and her standing in the community has been damaged.

**WHEREFORE**, Plaintiff, Laurica Haynes, seeks damages against Defendants, Starbucks Corp., d/b/a Starbucks Coffee Company, and Manpower US, Inc., jointly and severally, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

**WHEREFORE**, Plaintiff, Laurica Haynes, prays that this Honorable Court enters judgment in her favor and against Defendants, Starbucks Corp., d/b/a Starbucks Coffee Company, and Manpower US, Inc., jointly and severally, and that it enters an Order as follows:

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

a. Defendants are to be permanently enjoined from discriminating or retaliating against Plaintiff on the basis of her African-American race and/or any basis prohibited under applicable federal and state law;

b. Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating or retaliating against employees based on their race and/or national origin and

  are to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c.  Defendants are to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendants until the date of verdict;

d.  Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendants' actions;

e.  Punitive damages as provided for under 42 U.S.C. § 1981;

f.  Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

    h.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

    i.    Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage - or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

    j.    The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

                                        Respectfully submitted,

                                        Weisberg Cummings, P.C.

<u>October 9, 2020</u>                    <u>*/s/ Steve T. Mahan*</u>
Date                                Steve T. Mahan (PA 313550)
                                        smahan@weisbergcummings.com

                                        <u>*/s/ Larry A. Weisberg*</u>
                                        Larry A. Weisberg (PA 83410)
                                        lweisberg@weisbergcummings.com

                                        <u>*/s/ Derrek W. Cummings*</u>
                                        Derrek W. Cummings (PA 83286)
                                        dcummings@weisbergcummings.com

                                        2704 Commerce Drive, Suite B
                                        Harrisburg, PA 17110
                                        (717) 238-5707
                                        (717) 233-8133 (Fax)

                                        *Counsel for Plaintiff*